UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

v.

KACEY LEE SMITH &
JEREMY ALLEN SMITH,

    Defendants.
_____/

Case No. 2:17-cv-19
2:17-cv-21
HON. PAUL L. MALONEY

**ORDER**

The matter before the Court involves two related cases in which state defendants have attempted to remove their criminal cases, which are currently pending in state court, to this Court. For the forgoing reasons, the Court *sua sponte* remands both of these cases to state court.

The first case was initiated by Defendant Kacey Lee Smith. She was arrested during a traffic stop and charged with three misdemeanors: (1) assaulting, resisting, or obstructing a police officer in violation of Mich. Comp. Laws § 750.81d(1); (2) operating a motor vehicle without security in violation of Mich. Comp. Laws § 500.3102; and (3) operating a motor vehicle with a suspended or revoked license in violation of Mich. Comp. Laws § 257.904(3)(a). The second case was initiated by Defendant Jeremy Allen Smith. He was arrested during the same traffic incident and charged with two misdemeanors: (1) assaulting, resisting, or obstructing a police officer in violation of Mich. Comp. Laws § 750.81d(1); and (2) operating a motor vehicle without security in violation of Mich. Comp. Laws § 500.3102. Both cases are currently pending in the 93rd Judicial District Court of the State of Michigan. Defendants have filed nearly identical, sixty-one page, notice of removals. (Case No: 2:17-cv-19, ECF No. 1, & Case No: 2:17-cv-21, ECF No. 1.)

Under 28 U.S.C. § 1455, a defendant who seeks to remove a criminal prosecution from state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). The Court is required to examine the notice of removal promptly. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Removal of a state court criminal action to a federal district court is permitted in only rare circumstances. *City of Greenwood. v. Peacock*, 384 U.S. 808, 827 (1966). For example, criminal prosecutions against certain federal officials and members of the armed forces are subject to removal. See 28 U.S.C. §§ 1442, 1442a. In addition, 28 U.S.C. § 1443 (Civil rights cases) permits removal of a criminal action by a defendant in certain scenarios:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Here, in their notice of removals, Defendants do not cite any statutes that would permit the removal of a pending state criminal case to this Court. Instead, Defendants argue that this

Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1441.[1]  However, none of these statutes apply to cases where a defendant is attempting to remove a pending state criminal action. Sections 1331 and 1332 do not provide an independent basis for removal, and Section 1441 provides a basis for removing civil actions.

Finally, even assuming that Defendants are attempting to invoke jurisdiction pursuant to Section 1443, Defendants have not met their burden.  *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989) ("As with any removal statute, the defendant has the burden of establishing that removal is proper.").  Although it is far from clear, Defendants appear to be arguing that they will not receive a fair trial in state court because the trial judge is biased.  Defendants argue that the trial judge has a personal interest in the case because he is a licensed member of the State Bar of Michigan.  This argument has no merit.  Moreover, Defendants do not assert that the state court is violating any of their civil rights based on racial inequality.  Defendants have failed to allege any facts to establish that their cases satisfy one of the rare circumstances in which removal of a state court criminal prosecution is permitted.[2]

Accordingly, the Court finds that Defendants do not satisfy the requirements for removal of a state criminal proceeding to federal court.  Therefore, the Court remands both cases to the 93rd Judicial District Court of the State of Michigan.

IT IS SO ORDERED

Dated:  February  1 , 2017

   /s/  Paul L. Maloney
PAUL L. MALONEY
UNITED STATES DISTRICT JUDGE

---

[1] Defendants also cite several other jurisdictional statute, but none of the statutes apply to this case. For example, 28 U.S.C § 1338 provides for jurisdiction over cases involving patent, copyright, and trademark disputes.  In addition, 28 U.S.C. § 1367 provides for supplemental jurisdiction over state law claims.

[2] In addition, Defendants may not have complied with the procedural requirements for removing a state criminal proceeding to federal court under 28 U.S.C. § 1455.  Based on the record, it is unclear whether Defendants filed their notice of removals within 30 days of being arraigned in state court.